## PROPER ALLEGATIONS UNDER THE WORKMEN'S COMPENSATION ACT.

Superior Court of Cincinnati.

ERNST GEIGER v. THE CHRISTIAN MOERLEIN BREWING COMPANY. LOUIS KLUBER v. THE SMITH & MILLS CO.; TWO CASES.

Decided, June 1, 1914.

*Pleading—Facts Showing Applicability of Workmen's Compensation Act—May be Properly Averred in an Action Thereunder.*

In an action brought by an employee under favor of the workmen's compensation act for injuries received in the course of his employment, it is proper for him to allege in his petition such facts as indicate the applicability of that act. An allegation, therefore, that

defendant employs five or more workmen and that he has not con-
tributed to the state insurance fund, will not upon motion be
struck from the petition.

OPPENHEIMER, J.

These cases now come before us upon motion to strike from the
petitions the allegation that defendant employed five or more
workmen or operatives regularly in the same business, and that
defendant has not paid into the state insurance fund the.pre-
miums provided by the act which creates the state liability board
of awards.

This question has frequently been passed upon before in this
court, and it has invariably been held that the allegation was
proper, and the motion has in each case been overruled.   How-
ever, this rule was originally established in this court at the
time when the cases of *Schaefer* v. *The Bickford Tool Co.*, 13 N.
P.(N.S.), 553, and *Zoz* v. *The Lunkenheimer Co.*, 15 N.P.(N.S.),
575, were decided, and it has therefore been presumed that the
rule grew out of the opinion that the workmen's compensation
act created a liability beyond that which existed at common law.
But since the opinion of Judge Pugh in the case of *Schaefer* v.
*The Bickford Tool Company* has been expressly disapproved
by the Court of Appeals of Mahoning County in the case of
*Gerthung* v. *Stambaugh-Thompson Co.*, 18 C. C.(N.S.), 496, and
since it now seems to be admitted that an employee's right to
recover is not enlarged by the workmen's compensation act, but
that its only effect is to deprive defendants who have not com-
plied with its provisions of certain common law defenses, it is
urged as a necessary result that such allegation in a petition
should be held to be unnecessary, prejudicial and improper.

We do not believe that this conclusion is justified.   These ac-
tions are brought under the workmen's compensation act of 1911
(102 O. L., 524; G. C., 1565-37 *et seq.*).    The question of
liability under this act, for an injury suffered in any particular
case, depends first, on whether the defendant employs five or
more workmen or operatives, and second, on whether he has con-
tributed to the state insurance fund.   If he employs less than
five workmen, all the defenses of which he has not been deprived
by the Norris act (G. C., Section 6243), are available to him.   If

he does employ more than five workmen, and has contributed to the state insurance fund, he is not liable in damages because of negligence alone, but can be held to respond only in the event that the injury complained of resulted from the willful act of the employer or his agent, or from his failure to comply with the law. In other words, if a plaintiff seeks to hold an employer under the workmen's compensation act of 1911, it would at first blush appear to be necessary to show that defendant employs five or more workmen, and that he has not contributed to the state fund.

It is contended, however, that it is sufficient for the plaintiff merely to allege the acts of negligence upon which he relies, and that if the defendant then pleads either the fellow-servant rule, contributory negligence or assumption of risk, the plaintiff may file a reply stating that defendant employs five or more workmen and has not contributed to the state insurance fund. But this throws into a reply that which would properly appear to be a necessary condition of his right to recover under the workmen's compensation act, so that it merely postpones until a reply is filed, the making of an allegation necessary to the cause of action itself.

We can, of course, conceive cases in which the making of such an allegation would be entirely unnecessary, for defendant might merely traverse the allegation of negligence without setting up either of the three common law defenses heretofore referred to, and no evidence bearing upon these three defenses might be introduced by defendant in the course of the trial. On the other hand, however, the petition might show upon its face contributory negligence, or the negligence of a fellow-servant, as the proximate cause of plaintiff's injury, in which case it would be demurrable, unless there were allegations indicating that the workmen's compensation act applied. In such cases plaintiff would have to plead the act in order to make his petition good as against such demurrer; and if we were to sustain a motion to strike such allegation from the petition, we would simply prepare the way for such demurrer and thus necessitate further pleading. Moreover in Ohio assumption of risk must be negatived in the petition, so that a demurrer might also be filed

against a petition which alleged facts indicating that plaintiff had accepted the risk of the injury of which he complains. In such case also, an allegation that the petition was filed under the workmen's compensation act would seem to be not only proper but necessary. In short, it would seem to us to be entirely proper for plaintiff to indicate in his petition that he brings suit under the workmen's compensation act, and that he relies upon its provisions because defendant, through whose negligence he was injured, employs five or more workmen and has not contributed to the state fund. This allegation can not, in our opinion, be any more prejudicial than an allegation that defendant was negligent, and as it ordinarily becomes necessary in any event to explain to the jury the applicability of the law to the particular state of facts, we do not see in what manner defendant can be injured thereby.

We realize that there has been much controversy upon this question of pleading. The court of common pleas of this county has in several cases held either that all reference to the workmen's compensation act should be stricken from the petition or that all statements should be eliminated therefrom except the statement that defendant employs five or more workmen (*Chamberlin* v. *The Lunkenheimer Co.*, Court Index, April 4, 1913; *Dierkes* v. *The M. Marcus Building Co.*, Court Index, December 10, 1913). But we believe that the majority of practitioners are of opinion that the allegations to which reference has been made are in many cases necessary, and that they should therefore be permitted. We believe that we are correct in stating that this is the opinion of the Industrial Commission of Ohio and the Attorney-General of the state, and until some court of higher authority has passed upon the question, we are content to follow the rule heretofore applied by this court in such cases.